Bartkus, Appellant, vs. Albers, Building Inspector, Respondent.

*March 9—April 6, 1926.*

*Municipal corporations: Zoning ordinances: Residential addition to· store building.*

Under a zoning ordinance of Kenosha there was no intent to compel the destruction of existing buildings or to compel owners to cease any lawful use to which a building was devoted when the ordinance was enacted. Appellant, who was the owner of a store in a residential district, had the right, therefore, to build a residence at the rear of the store and to connect the two, the only proof in the record as to the prospective use being the statement of the appellant that the new structure would be used for residence purposes.

Appeal from a judgment of the circuit court for Kenosha county: E. B. Belden, Circuit Judge. *Reversed.*

Appeal from a judgment quashing a writ of *certiorari* issued to review the denial of appellant's application for a permit to erect an addition to an existing building in the city of Kenosha. The appellant owns a two-story building in the city of Kenosha. In January, 1924, the appellant used the lower floor of this building as a store and lived on the second floor with his family.

Under a zoning ordinance adopted by the city of Kenosha in January, 1924, appellant's property was placed in a residential district. Under this ordinance the use of a building in this residential district for the purposes of a store was a nonconforming use. The ordinance gave the appellant the right to continue this nonconforming use because the build-

ing was used for store purposes at the time that the ordinance was adopted.

In May, 1925, applicant applied for a permit to build a one-story frame addition at the rear of his store building, which application stated that the addition was to be used for residential purposes. The building inspector refused to issue a permit under the zoning ordinance. The board of appeals confirmed his ruling.

For the appellant there was a brief by *Stewart & Vaudreuil* of Kenosha, and oral argument by *L. E. Vaudreuil.*

For the respondent there was a brief by *Clifford E. Randall,* attorney, and *Randall, Cavanagh & Mittelstaed,* of counsel, all of Kenosha, and oral argument by *Clifford E. Randall.*

STEVENS, J.    No question is raised as to the reasonableness, validity, or constitutionality of the zoning ordinance. The only question presented is whether by the erection of the proposed building the appellant will violate any of the provisions of the zoning ordinance.

The intent clearly expressed by the zoning ordinance is that no new structure shall be erected in this residential area which does not comply with the provisions of the ordinance or which is to be devoted to a nonconforming use. It is equally clear that there was no intent to compel the destruction of buildings in existence when the ordinance was passed or to compel the owners or occupants of buildings to cease to use existing buildings for any lawful purpose to which they were devoted at the time of the enactment of this ordinance. Appellant therefore has the right to continue to conduct his store in the property here in question so long as he confines his store business to the building in existence at the time that the ordinance was passed. But he has no right to extend it to any new structure erected on his property.

The application states that the new structure is to be used for residential purposes. So long as this new structure is used for such purposes, there will be no violation of the ordinance. The proposed building has more than the required setback from the street. It does not require structural changes in an existing building for the purpose of extending a nonconforming use.

The fact that the new structure is built at the rear of the store building and that it is connected with the store by a doorway may have led those who acted for the city to conclude that this new structure was to be used for store purposes. But the only proof contained in the record is the statement of the owner that he desires to use the structure for residential purposes. If, in the future, the new structure is used as a part of the existing store or for any other nonconforming use, the courts possess ample power to prevent such a violation of the zoning ordinance.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment reversing the decision of the board of appeals.